FRITZ CLAPP (Bar No. 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA 90213
Telephone:888-292-5784
Facsimile: 888-325-4159
E-mail: fritz@fritzclapp.com

Attorney for Plaintiff
ELMER SAFLOR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELMER SAFLOR,**<br>Plaintiff,<br>v.<br>**EVERY, INC.,**<br>Defendant. | **Case No. 3:26-cv-11467**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elmer Saflor alleges against Defendant Every, Inc. ("Every") as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of Saflor's copyright in the graphic work Running Away Balloon (the "Work"). Every copied and adapted the Work for a branded commercial post promoting its tax and back-office services on LinkedIn. The post remains publicly accessible after written notice of infringement and a follow-up allowing an additional week to respond. Saflor seeks damages, injunctive relief, and other remedies under the Copyright Act.

**PARTIES**

2. Plaintiff Elmer Saflor is an individual residing in the Philippines, the author of the Work, and the owner of its copyright.

3. Defendant Every, Inc. is a Delaware corporation. Its March 9, 2026 Statement of Information filed with the California Secretary of State identifies its principal office and California office as 2261 Market Street, Suite 4305, San Francisco, California 94114. Every markets software and services for business back-office operations, including accounting and tax services. Rajeev Behera is its Chief Executive Officer.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

5. This Court has personal jurisdiction over Every because it maintains its principal office in this District and conducts business here. On information and belief, the advertising and related acts alleged below were undertaken by Every and its personnel in connection with its business operations in this District.

6. Venue is proper under 28 U.S.C. § 1400(a) because Every resides or may be found in this District, and under 28 U.S.C. § 1391(b) because Every resides here for venue purposes and, on information and belief, a substantial part of the events giving rise to this action occurred here.

7. Divisional Assignment. Assignment is governed by Civil L.R. 3-2 and the Court's Assignment Plan, General Order No. 44. The conduct alleged here is connected to Every's principal office in San Francisco County.

## THE WORK AND REGISTRATION

8. Saflor created the original two-panel graphic work Running Away Balloon. It depicts a figure pursuing a balloon in the first panel and, in the second, continuing to pursue the balloon while another figure holds the first figure back. The expressive selection and arrangement of the panels, characters, poses, and visual details are original to Saflor. A reproduction of the Work is attached as Exhibit A.

9. Saflor owns the exclusive rights to reproduce the Work, prepare derivative works based upon it, and display it publicly. Neither Saflor nor his authorized licensing

representative granted Every, Behera, or anyone acting for Every permission to use the Work.

10. The United States Copyright Office registered the Work under Registration No. VA 2-397-201, effective March 21, 2024. The certificate identifies Saflor as author and claimant. The registration predates the September 4, 2024 publication alleged below. A copy of the certificate is attached as Exhibit B.

**EVERY'S UNAUTHORIZED COMMERCIAL USE**

11. On September 4, 2024, Every, acting through its Chief Executive Officer Rajeev Behera, published a modified version of the Work through Behera's LinkedIn account in a post promoting Every's business. The post is identified by LinkedIn activity ID 7237127463284187136 and the URL https://www.linkedin.com/posts/rajeevbehera_heres-how-we-helped-dozens-of-first-time-activity-7237127463284187136-c18a.

12. The modified graphic retains the Work's distinctive two-panel composition, characters, poses, balloon, and visual arrangement. It adds the labels "First time founder," "$1MM ARR," and "Form 1120," and prominently displays Every's logo. These additions leave the protected graphic expression of the Work substantially intact.

13. The accompanying post promotes Every's assistance to first-time founders with taxes and invites viewers to comment "STREAMLINE" to obtain Every's Form 1120 guidance. The graphic and post use the Work to attract prospective customers for Every's services.

14. On information and belief, Behera published the post within the scope of his corporate duties and for Every's benefit, and Every authorized or approved the branded promotional use. This allegation is based on Behera's position as CEO, the Every logo, the promotion of Every's services, and the customer-acquisition call to action.

15. On September 16, 2026, Saflor's counsel sent Every a written demand

addressed to Behera identifying Saflor, the Work, its registration, and the infringing LinkedIn post. The demand requested removal and cessation, disclosures concerning the use, and preservation of evidence, with a response deadline of September 25, 2026. On information and belief, Every received the demand.

16. After Every failed to respond by that deadline, counsel sent a follow-up providing an additional week to respond and warning that Saflor intended to file suit in federal court. Every provided no response to the demand or follow-up before this Complaint was prepared.

17. As of October 5, 2026, the LinkedIn post and modified graphic remained publicly accessible. A screenshot captured that day shows the Every-branded graphic, Behera's account identifying him as CEO at Every.io, the September 4, 2024 date, approximately 191 reactions, 41 comments, and 2 reposts. The screenshot is attached as Exhibit C.

18. Saflor does not presently know whether Every paid to promote or boost this post, used the graphic in other placements, or continued paid promotion after notice. The complete duration, dissemination, audience reach, advertising expenditures, and campaign results are within Every's possession or control and will be addressed through discovery.

19. Every reproduced and publicly displayed protected expression from the Work and prepared an unauthorized derivative version for commercial promotion. Its selection, adaptation, branding, and publication of the graphic were deliberate acts.

20. Every's unauthorized use has injured and continues to injure Saflor by interfering with his control over the reproduction, adaptation, display, and commercial licensing of the Work. Continued public display creates an ongoing risk of further dissemination. On information and belief, Every derived commercial benefit from the promotional use; the amount of any attributable profits will be established through discovery.

//

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

21. Saflor incorporates paragraphs 1 through 20 as though fully set forth here.

22. Saflor owns a valid copyright in the Work. Every had access to and copied the Work, including its original graphic expression, and without authorization exercised rights reserved exclusively to Saflor under 17 U.S.C. § 106, including reproduction, preparation of a derivative work, and public display.

23. On information and belief, Every's infringement was willful because it knew of or recklessly disregarded Saflor's rights. At least after receipt of the September 16, 2026 demand and subsequent follow-up, Every had specific notice of Saflor's ownership and objection but continued to leave the infringing post publicly accessible through October 5, 2026. Saflor will seek discovery concerning Every's knowledge before notice and its conduct after notice.

24. As a direct and proximate result of Every's infringement, Saflor is entitled to actual damages and Every's attributable profits under 17 U.S.C. § 504(b), or, at Saflor's election and to the extent permitted by law, statutory damages under § 504(c), including enhanced statutory damages for willful infringement under § 504(c)(2). Saflor also seeks reasonable attorney's fees and costs under § 505.

25. Every's continued public display threatens further unauthorized dissemination and interference with Saflor's exclusive rights. Saflor seeks preliminary and permanent injunctive relief under 17 U.S.C. § 502 upon the showing required by law.

## PRAYER FOR RELIEF

Saflor requests judgment against Every as follows:

A. A declaration that Every infringed Saflor's copyright in the Work;

B. Preliminary and permanent injunctive relief under 17 U.S.C. § 502 against further infringement of the Work, including removal of infringing material from accounts and placements within Every's control, on terms the Court finds appropriate;

C. Actual damages and profits attributable to the infringement under 17 U.S.C. § 504(b), or statutory damages under § 504(c), as elected and proven, including enhanced damages for willfulness up to the statutory maximum of $150,000 for the Work;

D. Reasonable attorney's fees and costs under 17 U.S.C. § 505;

E. Prejudgment and postjudgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Saflor demands a trial by jury on all issues so triable.

Dated: October 6, 2026

FRITZ CLAPP
Attorney for Plaintiff ELMER SAFLOR

**EXHIBIT A**

**Running Away Balloon**



Registered artwork - Running Away Balloon

# EXHIBIT B

## Copyright Registration VA 2-397-201

Registration Number
**VA 2-397-201**
**Effective Date of Registration:**
March 21, 2024
**Registration Decision Date:**
June 10, 2024

### Title

**Title of Work:** RUNNING AWAY BALLOON

### Completion/Publication

**Year of Completion:** 2017
**Date of 1st Publication:** April 21, 2017
**Nation of 1st Publication:** Philippines

### Author

- **Author:** Elmer Saflor
  **Author Created:** 2-D artwork
  **Domiciled in:** Philippines

### Copyright Claimant

**Copyright Claimant:** Elmer Saflor
Block 14 Lot 42 Phase 3, Southville IV Brgy. Pooc, Santa Rosa City, Laguna, Philippines

### Rights and Permissions

**Organization Name:** Dickinson Wright PLLC
**Name:** William H. Honaker
**Email:** dwtrademarks@dickinsonwright.com
**Telephone:** (248)433-7381
**Alt. Telephone:** (248)318-7015
**Address:** Suite 300
2600 West Big Beaver
Troy, Michigan 48084 United States

Page 1 of 2

**EXHIBIT B CONTINUED**

**Certification**

**Name:** William H. Honaker
**Date:** March 21, 2024

# EXHIBIT C

## LinkedIn Post Captured October 5 2026

*screenshot-www.linkedin.com-2026.10.05-14_49_50*
*http://www.linkedin.com*
*05.10.2026*

